IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY FANTROY,
    Plaintiff,

vs.                                                            No. 18-1311-JTM

SOUTHWESTERN BELL TELEPHONE CO.,
    Defendant.

MEMORANDUM AND ORDER

The negligent failure to prevent workplace harassment is actionable under federal law. *See Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 650 (10th Cir. 2013). At issue before the court is whether Kansas law additionally recognizes a claim by an employee against her employer for negligently failing to prevent workplace harassment, where that harassment would also be actionable under federal law.

Plaintiff Nancy Fantroy, a former employee at Southwestern Bell Telephone and Chief Steward of the Communication Workers of America local, alleges various acts of retaliation following her complaint of misconduct by three SWBT managers, in violation of Title VII. (Dkt. 1, ¶¶ 39-45). The defendant SWBT has moved to dismiss three additional state law claims made by Fantroy related to the same harassment, which she

alleges she experienced after she returned from disability leave in November of 2016. (*Id*. ¶¶ 22-38).

The additional claims here at issue are couched as negligent hiring and retention, negligent training, and negligent supervision, but all essentially complain that the defendant failed to prevent the same hostile working environment outlined in Fantroy's retaliation claim. Thus, the negligent hostile hiring and retention claim alleges defendant should have known its managers "would create a hostile environment and cause employees, specifically Plaintiff, extreme emotional distress." (Dkt. 1, ¶ 49). The negligent training claim alleges the defendant violated its "duty to protect its employees from supervisors that Defendant SBTC knew or should have known would create a hostile and extreme environment." (*Id*. ¶ 56). And the negligent supervision claim argues defendant "had substantial opportunity to educate itself about the tendencies of its first line managers to create a hostile environment that included sexual harassment and other forms of retaliation," but that it nonetheless failed to prevent its supervisors from "creat[ing] a hostile and retaliatory environment." (*Id*. ¶¶ 61, 66).

In responding to defendant's Motion to Dismiss, plaintiff points to Kansas cases recognizing that employers have a duty of due care to prevent injuries to others, *see, e.g.*, *Kansas State Bank & Trust Co. v. Specialized Transp. Serv.*, 249 Kan. 348, 362, 819 P.2d 587, 598 (1991), but the cited cases involve injuries to third parties (who would otherwise lack any remedy at law) as opposed to employees (who are protected by federal and state antidiscrimination law).

The additional authorities cited by plaintiff (Dkt. 11, at 5) as supporting the right of employees to assert negligence claims for workplace harassment provide little support for such a conclusion. In *Price v. Auto. Controls Corp.*, No. 90-1193-JTR, 1994 WL 542086, at *1 (D. Kan. Sept. 29, 1994), the plaintiff's federal employment claims were separately addressed in a bench trial, subsequent to a prior jury trial which had found for defendant on plaintiff's state law negligent supervision claims. In *Bernard v. Doskocil Co.*, 861 F.Supp. 1006, 1011-12 (D.Kan.1994), the court granted summary judgment to defendant on plaintiff's negligent retention claim, finding that the single, isolated incident of harassment which caused no harm to plaintiff failed to meet the standard for liability under Kansas law, applying the test set forth in *Kansas State Bank & Trust*. Accordingly, the court had no occasion to address whether a harassed employee can simultaneously recover under federal antidiscrimination law and under a state law claim of negligent retention. It concluded simply that the plaintiff failed to present sufficient evidence to support a claim of negligent retention under Kansas law. Similarly, in *Ulrich v. K-Mart Corp.*, 858 F.Supp. 1087 (D.Kan.1994), the court granted summary judgment to defendant on plaintiff's federal employment claims and the claim of negligent retention.

None of the cited cases considered or held that an employee may successfully present a Kansas state claim for negligence which simply restates a federal employment law claim. In fact, after concluding that plaintiff's negligent retention claim failed on the facts, the *Ulrich* court proceeded to reject an additional attempt to create a generic state law tort as a matter of law:

3

> Not content with the remedies provided by Title VII and the KAAD, Ulrich alleges K–Mart is liable for a tort she labels failure to provide a harassment-free workplace. Ulrich does not discuss this tort in her brief, and the court has not found, nor did it expect to find, any authority discussing this tort.
>
> In the court's view, Kansas does not recognize such a tort. The employer is already under a duty, by virtue of Title VII and the KAAD, to provide a harassment-free workplace. Statutory remedies exist for employees subjected to sexual harassment. Recognition of such a tort would permit persons in Ulrich's position to circumvent the administrative exhaustion requirements contained in the statutory scheme. The court is convinced that the existence of such a statutory remedy displaces such a tort claim.

*Id*. at 1095.

Other federal authorities have taken the same view. In *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990), the court affirmed the district court's award of summary judgment to defendant as to plaintiff's "inventive" claim that the "defendant City was negligent in supervising her immediate superior, defendant Davis, thereby allowing him to violate her civil rights." The court observed that

> Plaintiff has cited no cases, in Kansas or elsewhere, recognizing such a cause of action. She merely argues on logic that because the city has a duty not to discriminate, it also has a duty to properly supervise its agents.
>
> …. We also observe that this cause of action, once recognized, would necessarily arise any time a middle level supervisor engaged in discriminatory conduct. We think it unlikely that the Kansas courts would adopt a liability rule with such broad implications.

*Id.*

This court has consistently held that Kansas would not recognize a claim of negligently failing to prevent workplace harassment. *See Wood v. City of Topeka,* 90 F.Supp 2d 1173, 1195 (D. Kan. 2000) ("Kansas law does not authorize claims for negligent supervision and retention in typical employment-related litigation"); *Fiscus v. Triumph Grp. Operations*, 24 F. Supp. 2d 1229, 1242–43 (D. Kan. 1998) ("Kansas courts do not accept a theory of liability for negligent supervision when the underlying behavior is an employee's . . . harassment of plaintiff"); *Maus v. Belger Cartage Serv.*, No. 96-1257-JTM, 1996 WL 748056 (D. Kan. Dec. 27, 1996) (a negligent supervision claim in employment litigation "has been rejected by all Kansas district court decisions addressing the issue"); *Anspach v. Tomkins Indus.*, 817 F. Supp. 1499, 1509 (D. Kan. 1993), (under *Polson*, "the plaintiffs' claims for negligent supervision and retention [premised on sexual harassment] cannot stand"), *aff'd sub nom. Anspach v. Sheet Metal Workers' Int'l Ass'n Local No.* 2, 51 F.3d 285 (10th Cir. 1995).

The plaintiff has failed to show that this line of authorities has been put to doubt by any recent Kansas decisions.

IT IS ACCORDINGLY ORDERED this day of April, 2019, that the defendant's Motion to Dismiss (Dkt. 6) is hereby granted.

s/ J. Thomas Marten
J. Thomas Marten, Judge
